The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, Arkansas 72143-5331
Dear Senator Beebe:
This is in response to your request, on behalf of the White County Clerk, for an opinion on whether a deputy county clerk may take the minutes of a quorum court meeting without an ordinance being adopted by the court designating the deputy clerk as "secretariat." You state that this question obviously presupposes that the deputy county clerk is there in the stead and in the absence of the county clerk.
It is my opinion that the answer to your question is "yes."
As is noted in the correspondence attached to your request from the White County Clerk, the issue is governed by A.C.A. § 14-14-902 (1987). That statute provides in pertinent part as follows:
 (a) SECRETARIAT. (1) The secretariat of the county quorum court shall be the clerk of the county court of each county unless otherwise provided by county ordinance.
 (2) ALTERNATIVE DESIGNATION. A quorum court, by ordinance, may provide for the establishment of minimum qualifications and an appropriation for the employment of a secretariat of the court. The employee so designated shall be a staff member of the county clerk or the county judge as may be specified by the ordinance. Where the separate position of secretariat is created by ordinance, all legislative duties prescribed in this chapter for a county clerk shall thereafter become the duties of the secretariat.
 (3) DUTIES OF THE COUNTY CLERK. Unless otherwise provided for by county ordinance, the clerk or the deputy clerk shall:
(A) Attend all regular and special meetings of the court.
 (B) Perform all administrative and recordkeeping duties prescribed in this chapter; and
 (C) Perform all other duties as may be required by the quorum court through county ordinance. [Emphasis added.]
The statute above was originally enacted in 1977 as a part of the "Arkansas County Government Code." The emphasized language, however ("or the deputy clerk"), was added two years later by Act 413 of 1979 (§ 25). It is therefore my opinion that the most recent evidence of legislative intent, as expressed in 1979, was to allow the county clerk or the deputyclerk to perform the duties set out at A.C.A. § 14-14-902(a)(3), including recordkeeping duties (taking the minutes), without the necessity of an ordinance appointing the deputy clerk as secretariat.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General